IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM DALE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-205-JPG |
| | ) | |
| SHAWNEE PRISON WARDEN MARTIN, | ) | |
| SCOTT RHINE, DONALD GAETZ, | ) | |
| JAMES GARNETT, MICHELLE BUSCH- | ) | |
| ER, ALYSSA B. WILLIAMS-SCHAFER, | ) | |
| S.A. GODINEZ, KENNETH TUPY, | ) | |
| ADAM P. MONREAL, JOAN DELANY, | ) | |
| MEGAN DUESTERHAUS, PATRICIA | ) | |
| BIZAILLION CARTER, and | ) | |
| ILLINOIS DEPARTMENT OF CORREC- | ) | |
| TIONS, | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Before the Court is Plaintiff William Dale Carter's suit under 42 U.S.C. § 1983, alleging

violations of his constitutional rights, and his motion for leave to proceed *in forma pauperis*, i.e.,

without prepaying the filing fee (Docs. 10 & 11). When Plaintiff filed his complaint, he had been

released from Shawnee Correctional Center. As such, he does not meet the definition of prisoner

under the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person in-

carcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudi-

cated delinquent for, violations of criminal law or the terms and conditions of parole, probation,

pretrial release, or diversionary program." 28 U.S.C. § 1915(h). The Court has since received no-

tice that as of August 24, 2012, Plaintiff is back in custody of the Illinois Department of Correc-

tions at Stateville Correctional Center. Yet the status of a plaintiff as a prisoner or non-prisoner is

determined as of the date the suit was brought, *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998), so Plaintiff is still considered a non-prisoner.

Under 28 U.S.C. § 1915(a)(1), a district court may allow a civil case to proceed without prepayment of fees if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so here (Docs. 10 & 11). But the Court's inquiry does not end there because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint.

A court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss the action if it is clearly frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a motion to proceed *in forma pauperis*, the court should inquire into the merits of the plaintiff's claims and, if it finds them frivolous, the court should deny the motion. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). An action fails to state a claim on which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**The Complaint**

When he filed his complaint, Plaintiff was on parole from a 20-year sentence for armed home invasion. He was due to be released from Shawnee Correctional Center on December 23, 2011. Several weeks before his release date, he signed papers from the Illinois parole board

stipulating that he wear an electronic-monitoring ankle bracelet. He assumed he was required to wear the bracelet due to a previous protection order against him. When Plaintiff went to the Shawnee field-services office on December 23, though, he learned that his parole had been violated because the prison staff did not have all the paperwork completed for Plaintiff's release. A field-services staff member showed Plaintiff the parole violation report, and it stated on the facing page "sex offender." On page two the report asked, "Is this current arrest or alleged violation a sex related offense?" The answer on the report said "yes."

Plaintiff says he is not a sex offender and has never had any sex convictions. He was convicted in 2002 of home invasion, but the jury found him not guilty of "a variety" of sex offenses (Doc. 1, p. 14). *See People v. Carter*, 841 N.E.2d 1052, 1057 (Ill. App. Ct. 2005) (noting the jury returned a verdict of not guilty on the charge of aggravated sexual assault). Yet Shawnee field-services representative Scott Rhine[1] rushed and deceived Plaintiff into signing papers Plaintiff did not understand about the conditions of his parole. Rhine did not explain the consequences of the "sex offender" label. Plaintiff told Rhine he was not a sex offender.

On January 11, 2012, Rhine had Plaintiff sign more papers. Rhine was impatient and did not want Plaintiff to read the papers before signing them. After only five minutes, another staff member badgered Plaintiff by asking what was taking so long. Rhine said "We have a reader here" (Doc. 1, p. 15). Plaintiff was released on January 12, 2012.

He filed his complaint in this action on March 5, 2012. His motion for leave to proceed *in forma pauperis*, filed on August 14, states that he was filing it from a county jail in Texas (Docs. 10 & 11). And the Court has since received notice that as of August 24 Plaintiff is in custody at Stateville Correctional Center.

---

[1] Plaintiff spells the name "Scott Ryan" (Doc. 1, p. 14), but later refers to "Scott Rhine" and includes the latter spelling as a named defendant in the caption of the complaint. So Ryan and Rhine appear to be the same person.

## Discussion

Based on the allegations of the complaint, the Court divides it into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

As an initial matter, the Court notes that Plaintiff's complaint is devoid of allegations against defendants Martin, Gaetz, Garnett, Buscher, Williams-Schafer, Godinez, Tupy, Monreal, Delany, Duesterhaus, Bizaillion Carter, or the Illinois Department of Corrections. Yet § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik–Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir.1994); *Burks v. Raemisch*, 555 F.3d 592, 593, 596 (7th Cir.2009); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001). A § 1983 plaintiff therefore must make allegations that "associate specific defendants with specific claims ... so [the] defendants are put on notice of the claims brought against them and so they can properly answer the complaint." *Willis v. Hulick*, Civil No. 09-cv-447-JPG, 2010 WL 358836, at *2 (S.D. Ill. Jan. 25, 2010). The only defendant who may have caused or participated in a constitutional deprivation here is Scott Rhine. Accordingly, defendants **MARTIN, GAETZ, GARNETT, BUSCHER, WILLIAMS-SCHAFER, GODINEZ, TUPY, MONREAL, DELANY, DUESTERHAUS, BIZAILLION CARTER,** and the **ILLINOIS DEPARTMENT OF CORRECTIONS** are **DISMISSED without prejudice**. Plaintiff may add other defendants through a properly filed motion to amend his complaint as he learns their identities through discovery.

**Count 1: Violation of due process by the extension of time in prison (denial of parole)**

Plaintiff alleges that his due-process rights were violated by the extension of his time in prison. His original release date was December 23, 2011, but he was held until January 12, 2012, because of a parole violation; Plaintiff claims the violation was because the Shawnee prison staff did not have the paperwork completed for his release. He argues that he served an additional 20 days in prison and that, under established rules, parole time served in prison is double regular parole time. Therefore he believes his parole time should be shortened by 40 days.[2]

Under the familiar rule of *Heck v. Humphrey*, a challenge to the validity or length of a prison sentence cannot proceed under § 1983 unless the sentence has been invalidated. 512 U.S. 477, 487 (1994); *Nelson v. Campbell*, 541 U.S. 637, 646–47 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The *Heck* doctrine also applies to revocation of parole. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000). But § 1983 relief may be available where its success will not necessarily challenge the legality of confinement, such as in a challenge to parole procedures. *Wilkinson*, 544 U.S. at 81; *see also Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006) (noting that § 1983 is proper for prisoner seeking release on parole). The *Heck* doctrine does not, however, apply to a plaintiff who is not in custody and thus unable to bring a habeas petition. *Spencer v. Kemna*, 523 U.S. 1, 18–21 (1998) (concurring and dissenting opinions); *Carr v. O'Leary*, 167 F.3d 1124, 1127 (7th Cir. 1999). Therefore, it appears that Plaintiff's claim may proceed under § 1983, both because Plaintiff was not in custody when he filed his complaint and because he is challenging the parole procedures.

Procedural due process under the Fourteenth Amendment of the United States Constitu-

---

[2] This issue may be moot, since Plaintiff is back in custody.

tion is implicated where an individual is deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1, cl. 3. The Supreme Court has adopted a two-step analysis to examine whether an individual's procedural-due-process rights have been violated. The first question "asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

Here, Plaintiff's claim fails at the first step because there is not a liberty or property interest at stake. Illinois prisoners do not have a legal entitlement to parole, and a prisoner's hope that he will be released does not create a liberty or property interest in parole under the Fourteenth Amendment. *Heidelberg v. Ill. Prisoner Review Bd.*, 163 F.3d 1025, 1027 (7th Cir. 1998) (per curiam); *Hyche v. Chandler*, 299 Fed. App'x 583, 584 (7th Cir. 2008) ("Illinois prisoners have no entitlement to parole, and a hope to be released on parole in a discretionary system does not create a protected "liberty" or "property" interest under the Fourteenth Amendment."); *Montgomery v. Anderson*, 262 F.3d 641, 645 (7th Cir. 2001) ("A system making release entirely discretionary also means that the setting of a parole-release date does not entail 'liberty' or 'property.'"); *see also Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Plaintiff alleges he had a parole-release date of December 23, 2011. But he was not entitled to be released on that date. Since there was no liberty or property interest, Plaintiff's allegation fails to state a claim upon which relief may be granted. Count 1 is **DISMISSED without prejudice**.

**Count 2: Violation of due process by labeling Plaintiff a sex offender**

Plaintiff objects to his classification as a sex offender. He was rushed into signing several papers, and Scott Rhine did not explain the consequences of Plaintiff's being labeled a sex offender. As a result of Plaintiff's classification, he must register as a sex offender and attend sex-offender classes. He faces the probable loss of employment, reputation, right to associate, and travel restrictions.[3] Plaintiff argues that state actors who are attempting to label him a sex offender under Illinois' Sex Offender Registration Act, 730 ILCS 150/1 *et seq.*, are violating his liberty interests and privacy rights. He believes his future will be tainted by a false lifetime stigma.

Applying the two-step analysis used to evaluate potential violations of procedural due process, the Court finds that Plaintiff's allegations merit further review. The Seventh Circuit said recently that "any kind of placement on a sex offender registry is stigmatizing" (and even more so for those labeled sexually violent predators). *Schepers v. Comm'r, Indiana Dep't of Correction*, --- F.3d ----, 2012 WL 3667401, at *5 (7th Cir. Aug. 28, 2012). Thus mistakenly putting the plaintiffs on a registry of sexually violent predators implicated liberty interests protected by the Due Process Clause. *Id.* Other circuits have found that plaintiffs who have not been convicted of a sex offense have a liberty interest in freedom from sex-offender classification and conditions. *See, e.g.*, *Coleman v. Dretke*, 395 F.3d 216, 222 (5th Cir. 2004), *reh'g and en banc denied*, 409 F.3d 665 (5th Cir. 2005) ("[T]he Due Process Clause … provides [the plaintiff] with a liberty interest in freedom from the stigma and compelled treatment on which his parole was conditioned, and the state was required to provide procedural protections before imposing such conditions.") The Court therefore finds that Plaintiff's allegations may implicate

---

[3] He also claims it will prolong his time in prison (Doc. 1, p. 25), but he was not in prison when he filed his complaint.

liberty interests under the Due Process Clause.

The second step examines whether the procedures attendant upon that deprivation were constitutionally sufficient. Here, Plaintiff alleges there was no virtually no procedure. He says he filled out some papers and that he was rushed to do so by Rhine and another staff member. There was no evidentiary hearing. The Court finds these allegations are sufficient at this stage of the proceedings. Plaintiff's Count 2 may proceed.

**Count 3: Defamation**

Plaintiff claims that his classification as a sex offender is defamatory. To state a defamation claim in Illinois, a plaintiff must show that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that the publication caused damages. *Solaia Technology, LLC v. Specialty Pub. Co.*, 852 N.E.2d 825, 839 (Ill. 2006). Some categories of statements are defamatory *per se*, however, and damage to the plaintiff may be presumed. *Van Horne v. Muller*, 705 N.E.2d 898, 903 (Ill. 1998). Those categories include: (1) words that impute a person has committed a crime; (2) words that impute a person is infected with a loathsome communicable disease; (3) words that impute a person is unable to perform or lacks integrity in performing her or his employment duties; (4) words that impute a person lacks ability or otherwise prejudices that person in her or his profession; and (5) words that impute a person has engaged in adultery or fornication. *Solaia Technology*, 852 N.E.2d at 839. "In general, '[a]ll persons who cause or participate in the publication of libelous or slanderous matters are responsible for such publication.'" *Van Horne v. Muller*, 705 N.E.2d 898, 903 (Ill. 1998) (quoting 33A Ill. L. & Prac. Slander and Libel § 83 (1970)).

Plaintiff's defamation claim merits further review. He alleges a false statement, in that that his parole violation report states he is a sex offender, even though he was not convicted of a sex offense. Rhine had Plaintiff sign paperwork that evidently stated Plaintiff was a sex of-fender (Rhine would not explain the consequences of sex-offender label while Plaintiff filled out the papers). Plaintiff must now register as a sex offender, which may be a sufficient publi-cation to a third party. Even though Rhine's direct involvement is not fully clear, he may have "caused or participated in" the publication of the defamatory matter. Moreover, Plaintiff's be-ing labeled a sex offender would be defamatory *per se* because it imputes that Plaintiff com-mitted a crime.

## Count 4: False Light Invasion of Privacy

The three elements of false light invasion of privacy are: (1) the plaintiff was placed in a false light before the public as a result of defendant's actions; (2) the false light would be highly offensive to a reasonable person; and (3) the defendant acted with actual malice, with knowledge of or reckless disregard for the falsity of the statements. *Wynne v. Loyola Univ. of Chi.*, 741 N.E.2d 669, 677 (Ill. App. Ct. 2000); *Dubinsky v. United Airlines Master Executive Council*, 708 N.E.2d 441, 451 (Ill. App. Ct. 1999). For essentially the same reasons as for Plaintiff's defamation claim, the Court finds that Plaintiff's false-light claim may proceed. The classification of Plaintiff as a sex offender, if false, would place Plaintiff in a false light before the public. It is a classification that would be highly offensive to a reasonable person. And, given that Plaintiff told Rhine he was not a sex offender, Rhine may have acted with reckless disregard for the falsity of the statements.

Consequently, the Court will exercise its supplemental jurisdiction under 28 U.S.C.

§ 1367(e) and allow Plaintiff to proceed with Counts 3 and 4 against Rhine.


## Pending Motions

Because the Court is granting Plaintiff's current motion for leave to proceed *in forma pauperis*, his earlier motion is **DENIED** as moot (Doc. 2). Plaintiff's motion for an injunction and restraining order (Doc. 3) is **DENIED**. He has not made the required showing for injunctive relief. Plaintiff's motion for service is **DENIED** as moot (Doc. 6), since service on Rhine will be made as directed below.

Plaintiff moves to supplement his complaint with another 20 pages of new information and argument (Doc. 8). The Court will not accept piecemeal amendments, however. Plaintiff is given leave to file a proper motion for leave to file an amended complaint with a proposed amended complaint. *See* SDIL-LR 15.1 ("A proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed."). Plaintiff is **ADVISED** that an amended pleading supersedes the original pleading, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Therefore, Plaintiff must refile any memorandums and exhibits that he wishes the Court to consider along with his proposed amended complaint. The motion to supplement (Doc. 8) is **DENIED**.

Plaintiff moves to compel discovery (Doc. 4) and to admit his requests for discovery into evidence (Doc. 12). Discovery has not begun in this case; defendant Rhine is now being ordered to respond. Plaintiff's motions (Docs. 4 & 12) are **DENIED**.

**Disposition**

Plaintiff's complaint survives review under § 1915(e)(2). His sworn motion for leave to proceed *in forma pauperis* establishes that he is indigent. Nothing indicates that his action is frivolous or malicious. Defendant Rhine is not immune from relief. And, at this point, the Court cannot conclude that this action fails to state any claim upon which relief could be granted. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* (Docs. 10 & 11) is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

**IT IS ORDERED** that the Clerk of Court shall prepare for defendant **RHINE** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that if Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any docu-

mentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, Plaintiff was deemed to have entered into a stipulation that the recovery, if any, se-

cured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. SDIL-LR 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that because he is proceeding pro se, he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. A notice of change of address must be filed within **7 days** of any such change occurring. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 6, 2012

_s/J. Phil Gilbert_
United States District Judge