IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM DALE CARTER,

       Plaintiff,

vs.

SHAWNEE PRISON WARDEN MARTIN, *et al.*,

       Defendants.

Case No. 12-cv-205-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 52) of Magistrate Judge Philip M. Frazier recommending that the Court grant Rhine's motion to dismiss Counts Three and Four of Carter's complaint (Doc. 22).  For the following reasons, the Court adopts the R & R and grants Rhine's motion to dismiss.

1. **R & R Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.  Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the R & R to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Carter objected to the dismissal of his defamation claim contained in Count Three, but not to the dismissal of his False Light Invasion of Privacy claim contained in Count Four.  The Court has reviewed the R & R with respect to the recommendation that this Court dismiss Count

Four and finds that it is not clearly erroneous.  Accordingly, the Court grants Rhine's motion to dismiss with respect to Count Four.   Because of Carter's objection, the Court will now undertake a *de novo* review of the motion to dismiss with respect to Count Three.

   2.  **Facts**

Carter filed the instant complaint while he was on parole from a twenty-year sentence for armed home invasion.  Since that time, however, Carter is back in the Illinois Department of Corrections' custody at Pinckneyville Correctional Center.  In his complaint, Carter complained that he was not released on parole on time because prison staff failed to complete his paperwork.  He further alleged that he Rhine, an Illinois Department of Corrections' employee, wrongfully labeled Carter a sex offender in his release documents even though Carter had no previous sex offense convictions.  Finally, he alleged that Rhine deceived Carter into signing papers concerning the conditions of his parole and did not properly explain the implications of the label of "sex offender."

The Court determined that Carter pleaded four separate counts: (1) Count One – violation of due process by the extension of time in prison (denial of parole); (2) Count Two – violation of due process in labeling Carter as a sex offender; (3) Count Three – defamation; and (4) Count Four – false light invasion of property. The Court found that Carter had stated a claim in Counts Two, Three, and Four, but dismissed Count One because Carter had no liberty or property interest in being released on parole on the date in question.  Finally, the Court dismissed all of the defendants except Rhine.

Rhine filed the instant motion to dismiss alleging that Carter's state law claims of defamation and false light invasion of property must be dismissed because they are barred by sovereign immunity.  In this order, the Court already determined that dismissal of Count Four

was appropriate. Carter, however, objected to the R & R's recommendation that his defamation claim be dismissed. Specifically, Carter's objection maintained that Rhine was not immune because he acted with malice. The Court will now turn to consider whether Carter's state law defamation claim is barred by sovereign immunity.

### 3. Analysis

Federal courts are "bound by state rules of immunity regarding state law causes of action." *Magdziak v. Byrd*, 96 F.3d 1045, 1048 (7th Cir. 1996). Under Illinois law, the Illinois Court of Claims has exclusive jurisdiction of "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." 705 ILCS 505/8; *see also Nelson v. Miller*, 570 F.3d 868, 885 (7th Cir. 2009) (quoting *Nelson v. Murphy*, 44 F.3d 497, 505 (7th Cir. 1995)). However, the Illinois Court of Claims jurisdiction is not exclusive "when it is alleged that the State's agent acted in violation of statutory or constitutional law, or in excess of his authority." *Healey v. Vaupel*, 549 N.E.2d 1240, 1247 (Ill. 1990). "[M]alice, if well pleaded, is outside the scope of a State employee's authority." *Welch v. Ill. Supreme Court*, 751 N.E.2d 1187, 1195 (Ill. App. Ct. 2001). "To plead malice, there must be specific facts supporting the allegations, which, if proved, would show malicious conduct." *Id.* In Illinois courts have defined malice as "'the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstance that the law will imply an evil intent.'" *Mgmt. Ass'n of Ill., Inc. v. Bd. of Regents of N. Ill. Univ.*, 618 N.E.2d 694 (Ill. App. Ct. 1993) (quoting Black's Law Dictionary 862 (5th ed. 1979)).

While Carter alleges that Rhine acted with malice, he provides no facts to back up this conclusory allegation. For instance, he does not allege there was any previous animosity

between himself and Rhine, or that Rhine acted to further his own purpose.  *See Welch v. Ill. Supreme Court*, 751 N.E.2d 1187, 1195 (Ill. App. Ct. 2001) (distinguishing between malicious acts for one's own purposes and those believed by the employee to be in furtherance of the State employer's purposes).  Further, while the allegations, if proven, may indicate that Rhine's actions arise to the level of negligence or gross negligence, Carter fails to indicate that Rhine intentionally mislabeled him as a sex offender.  The Court, however, does recognize that "a § 1983 action may lie if the defamation results in the loss of a constitutionally protected interest."  *Patterson v. Burge*, 328 F. Supp. 2d 878, 894 (N.D. Ill. 2004).  Carter, however, has a remaining § 1983 due process claim concerning his incorrect labeling as a sex offender.  However, to the extent Carter asserts a separate state law defamation claim, this Court does not have subject matter jurisdiction and dismisses Carter's state law defamation claim.

4. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 52) and **GRANTS** Rhine's motion to dismiss (Doc. 22).  Accordingly, Count Two remains against Rhine.

**IT IS SO ORDERED.**

**DATED:** February 15, 2013

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**