IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM DALE CARTER,

        Plaintiff,

vs.

SCOTT RHINE, *et al.*,

        Defendants.

Case No. 12-cv-205-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Scott Rhine's motion for summary judgment (Doc. 74) to which plaintiff William Dale Carter has responded (Doc. 77). For the following reasons, the Court grants Rhine's motion.

**1. Background**

Carter, currently on parole, was previously in the physical custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Shawnee Correctional Center ("Shawnee"). Carter was convicted of armed home invasion and sentenced to twenty years imprisonment. At trial, Carter was acquitted of aggravated criminal sexual assault.

On December 23, 2011, Carter was due to be released on parole. Carter, however, was not released that day because prison officials violated his parole. The parole violation report, prepared by IDOC parole agent Mark Schafer, states Carter's parole was violated because the Prisoner Review Board required he be supervised by electronic monitoring and IDOC was unable to find a site to supervise the electronic monitoring. The parole violation report contains the label "sex offender" and stated "yes" to the following question: "Is this current arrest or

alleged violation a sex-related offense?" The report also indicates Carter was placed in the District 3 Sex Offender Supervision Unit.

Carter maintains he was never convicted of a sex offense and the only reason he signed the parole violation report was because Rhine, a Shawnee field services representative, rushed and deceived Carter into signing the report. Specifically, Rhine failed to explain the "sex offender" label and informed Carter he was not a sex offender. Carter argues the erroneous "sex offender" label will require him to register as a sex offender and endure harsher conditions of parole in violation of his right to due process.

On March 5, 2012, Carter filed a complaint alleging as follows: (1) Count One - due process violation for parole denial; (2) Count Two – due process violation for erroneously labeling Carter a sex offender; (3) Count Three – defamation arising from the sex offender classification; and (4) Count Four – false light invasion of privacy for his sex offender classification. In its threshold review, this Court dismissed Count One and dismissed all defendants except Rhine. Thereafter, the Court dismissed Counts Three and Four for failure to state a claim. The only remaining claim is Count Two against Rhine.

Rhine filed the instant motion for summary judgment arguing he is entitled to judgment as a matter of law because (1) Carter cannot prove Rhine's personal involvement in the violation of Carter's constitutional rights, (2) Carter cannot prove his due process rights were violated, (3) Rhine is entitled to qualified immunity, and (4) Carter's request for injunctive relief is barred. The Court will now consider whether Rhine is entitled to summary judgment.

2. **Analysis**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

The Court will consider Rhine's first argument in which he contends Carter's § 1983 claim fails because Carter cannot show Rhine's personal involvement in the alleged constitutional violation. In order to succeed on a § 1983 claim, a plaintiff must show the state actor was "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("public employees are responsible for their own misdeeds but not for anyone else's").

Rhine has submitted an affidavit in which he attests to the following information.  Rhine did not prepare the parole violation report or direct what statements should be contained within the report.  He has never worked in the parole division or had control over the parole division's decision to place Carter in the District 3 Sex Offender Supervision Unit.  Rhine further states he was never a member of and had no control over the Illinois Prisoner Review Board or the Sex Offender Management Board.  Rhine never labeled Carter a sex offender or required that he register as a sex offender.  Rhine argues he was merely a messenger of the parole violation report in question.  Carter does not dispute these statements.  Rather, he argues Rhine is liable because he rushed and deceived Carter into signing the parole violation report.

Here, Rhine has submitted his own affidavit which provides evidence that Rhine was not personally responsible for placing Carter in the Sex Offender Supervision Unit, placing the label "sex offender" on the parole violation report, or requiring that Carter register as a sex offender.  Carter fails to dispute these statements or produce any evidence to the contrary.  Even if Rhine rushed and deceived Carter into signing the parole violation report, there is no evidence that Carter's refusal to sign the report would have removed the "sex offender" label from the report or impacted his placement in the Sex Offender Supervision Unit.  Further, there is no evidence that Carter has to register as a sex offender as a result of being rushed to sign this report.

Viewing the evidence in the light most favorable to the nonmoving party, Carter has failed to establish that Rhine was personally involved in any alleged constitutional deprivation.  Accordingly, Rhine is entitled to judgment as a matter of law.  Because Carter cannot establish Rhine's personal involvement, the Court need not consider whether his placement in the Sex Offender Supervision Unit or the label "sex offender" on his report constituted a violation of his right to due process.

3. Conclusion

For the foregoing reasons, the Court **GRANTS** Rhine's motion for summary judgment (Doc. 74) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** October 29, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
